UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| CYNTHIA L. SCULL | ) | CASE NO. 09-74737 |
| | ) | |
| | ) | |
| Debtor(s) | ) | |

## NOTICE OF CURE OF ALL PRE-PETITION MORTGAGE OBLIGATION

TO:   Alpine Bank & Trust Co.　　　　　　　　Attorney Andrew E. Houha
　　　(Creditor Name)　　　　　　　　　　　　(Creditor's Attorney Name)
　　　Attn:  Karen Steiner　　　　　　　　　　230 W. Monroe Street
　　　(Creditor Address)　　　　　　　　　　　(Creditor's Attorney Address)
　　　1700 N. Alpine Road　　　　　　　　　　Chicago, IL  60606

　　　PO Box 6086

　　　Rockford, IL  61125-1086

　　　001 / 3328
　　　(Claim # / Account #)


　　　Cynthia L. Scull　　　　　　　　　　　　Attorney Gary C. Flanders
　　　(Debtor's Name)　　　　　　　　　　　　(Debtor's Attorney Name)
　　　4912 Waukegan Drive　　　　　　　　　　One Court Place, #201
　　　(Debtor's Address)　　　　　　　　　　　(Debtor's Attorney Address)
　　　Rockford, IL  61108　　　　　　　　　　Rockford, IL  61101

　　　09-74737
　　　(Case Number)

　　　THIS NOTICE IS HEREBY GIVEN BY THE CHAPTER 13 TRUSTEE, LYDIA S. MEYER, PURSUANT TO ¶ B(2)b OF THE PLAN FILED HEREIN ON 10/28/2009

　　　(1) That the cure amount has been paid, satisfying all pre-petition mortgage obligations of the debtor, (2) that the holder is required to treat the mortgage as reinstated and fully current unless the debtor has failed to make timely payments of post-petition obligations, (3) that if the debtor has failed to make timely payments of any post-petition obligations, the holder is required

to itemize all outstanding payment obligations as of the date of the notice, and file a statement of these obligations with court, giving notice to the standing trustee, the debtor, and any attorney for the debtor, within 60 days of service of the notice from the trustee (or such longer time as the court may order), (4) that if the holder fails to file and serve a statement of outstanding obligations within the required time, the holder is required to treat the mortgage as reinstated according to its original terms, fully current as of the date of the trustee's notice, and (5) that if the holder does serve a statement of outstanding obligations within the required time, the debtor may (i) within 30 days of service of the statement, challenge the accuracy of the statement by motion filed with the court, on notice to the holder and the standing trustee, with the court resolving the challenge as a contested matter, or (ii) propose a modified plan to provide for payment of additional amounts that the debtor acknowledges or the court determines to be due. To the extent that amounts set forth on a timely filed statement of outstanding obligations are not determined by the court to be invalid or are not paid by the debtor through a modified plan, the right of the holder to collect these amounts will be unaffected. No liability shall result from any nonwillful failure of the trustee to serve the notice required by this subparagraph.

/s/Lydia S. Meyer
LYDIA S. MEYER, Trustee

**CERTIFICATE OF MAILING**

The undersigned certifies that a copy of the foregoing notice was mailed to the Debtor(s), Debtor(s) attorney of record, and creditor to addresses listed above in envelopes bearing first class postal indicia on the 2nd day of April, 2010.

/s/Cynthia K. Burnard

LYDIA S. MEYER, Trustee
308 W. State Street, Suite 212
P.O. Box 14127
Rockford, IL  61101-4127
Telephone:  815/968-5354
Fax:  815/968-5368